UNITED STATE BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re:
       RICHARD BECKER,                        Case No. 17-23046 (RDD)

                  Debtor.                Chapter 13

--------------------------------------------------------x

**ORDER (1) APPROVING SALE OF THE DEBTOR'S REAL PROPERTY LOCATED AT 16 PIERCE STREET, NEW ROCHELLE, NEW YORK 10801 FREE AND CLEAR OF LIENS AND CLAIMS PURSUANT TO 11 U.S.C. § 363(b) AND (b), SUBJECT TO FEDERAL NATIONAL MORTGAGE ASSOCIATION'S RIGHT TO CREDIT BID, (2) AUTHORIZING PAYMENT OF CLOSING COSTS, AND (3) GRANTING SUCH OTHER RELIEF AS SET FORTH HEREIN**

UPON the motion, dated February 20, 2018 [Dkt. No. 25] (the "Motion"), of Richard Becker the debtor herein (the "Debtor"), for an order (1) pursuant to 11 U.S.C. § 363(b) and (f), authorizing the sale of the property located at 16 Pierce Street, New Rochelle, NY 10801 (the "Property") pursuant to the sale contract attached as Exhibit B to the Motion (the "Contract"), free and clear of all liens, claims, interests, and encumbrances therein and thereon of whatever kind or nature except as expressly assumed by the buyer under the Contract, if any ("Liens and Claims"), and (2) authorizing the Debtor's payment from the sale proceeds of reasonable and necessary costs related thereto, and there being due and sufficient notice of the Motion; and upon the limited objection of Federal National Mortgage Association [Dkt. No. 28] (the "First Secured Lender") and the Debtor's supplement to the Motion, including the declaration of the Debtor's real estate broker, Ms. Regan (the "Broker"); and there being no other objections to the requested relief; and upon the record of the evidentiary hearing held by the Court on the Motion on April 24, 2018, at which only counsel for the Debtor and the Broker appeared; and upon the record of the hearing, including the Broker's testimony thereat; and after due deliberation, the Court having found and concluded that the proposed sale is for a fair and reasonable price arrived at after extensive arms-length marketing that appropriately reflects the condition of the Property and its desirability; and it further appearing for the reasons stated by the Court in its bench ruling at the

hearing that such sale is in the best interests of the Debtor, his estate and creditors and is supported by good business reasons; and the Court also having found and concluded for the reasons stated in its bench ruling that one or more of the grounds for the sale being free and clear of Liens and Claims under 11 U.S.C. § 363(f) has been satisfied, and that the buyer under the Contract is a purchaser in good faith entitled to the protection of 11 U.S.C. §363(m) and (n); and it further appearing that the First Secured Lender in its limited objection requested the right to credit bid for the Property under 11 U.S.C. § 363(k) in the event that the Court found, as it did, that the proposed purchase price under the Contract was fair and reasonable, and the First Secured Lender being entitled to purchase the Property pursuant to such a credit bid on the terms set forth herein; and good and sufficient cause appearing; and no additional notice or hearing being required, it is hereby

**ORDERED,** that the Motion is granted to the extent set forth herein; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 363(b), the Debtor is authorized to sell all of his right, title and interest in the Property pursuant to the terms of the Contract or, alternatively, pursuant to the terms of the First Secured Lender's credit bid under 11 U.S.C. § 363(k) on the terms set forth herein (under either alternative, the "Sale"); and it is further

**ORDERED,** that pursuant to 11 U.S.C. 363(f), the Sale shall be free and clear of all Liens and Claims, with all Liens and Claims to attach to any Sale proceeds in the same amount and priority, with the same validity and enforceability, and subject to the same defenses as existed immediately before the closing of the Sale; and it is further

**ORDERED,** that at the closing of the Sale, the Debtor is authorized to pay from the Sale proceeds, the reasonable, ordinary and customary closing costs (including (a) reasonable and customary professional fees of counsel directly related to the sale in the amount stated by the Court at the hearing and as set forth below and (b) the Broker's 6% commission, each of which, in the event that the Sale is a credit bid, shall be paid in cash by the First Secured Lender), transfer taxes and reasonable title charges; and it is further

**ORDERED,** that after making the foregoing payments, at the closing of the Sale the Debtor is authorized and directed to pay, from the remaining available Sale proceeds, any undisputed debt secured by a valid, perfected and enforceable lien on the Property, in the order of priority of such liens, and, in the event any such amount or lien is disputed in good faith, the Debtor shall place such disputed amount of the Sale proceeds to be held in escrow subject to further order of this Court or resolution by the parties (and such escrow shall be deemed payment for purposes of title insurance); and it is further

**ORDERED,** that, within ten days after the closing of the Sale, counsel for the Debtor shall file a closing statement with the Court and serve a copy of it on the Office of the United States Trustee; and it is further

**ORDERED**, that the First Secured Lender shall have 14 days from the date of this Order to submit to counsel for the Debtor in writing a binding credit bid for the Property under 11 U.S.C. § 363(k) in an amount in excess of the Sale price under the Contract; provided, that such credit bid is required to include provision to pay the Debtor's real estate broker's 6% commission and Debtor's counsel fees directly pertaining the Sale, limited to $4,000. If such credit bid is timely made, the First Secured Lender's purchase of the Property is authorized under 11 U.S.C. § 363(b) and (k), the Property shall be transferred to the First Secured Lender pursuant to such credit bid free and clear of all Liens and Claims pursuant to 11 U.S.C. § 363(f), and the First Secured Lender shall be entitled to the protections of 11 U.S.C. § 363(m) and (n) as a good faith purchaser. In the event of such credit bid, the Debtor shall close on such Sale promptly and in any event no later than the closing date specified in the Contract; and it is further

**ORDERED,** that Debtor's counsel is authorized and directed to retain the deposit of the prior proposed purchasers of the Property, Broslloyd Campbell and Simone Campbell (the "Campbells"), pending resolution of their and the Debtor's estate's claim to such funds, and the hearing on that portion of the Motion seeking a declaration as to the status of the deposit shall be adjourned to a date to be obtained by the Debtor or the Campbells; and it is further

**ORDERED**, that counsel for the Debtor shall serve a copy of this Order on counsel for the First Secured Lender, the purchasers under the Contract, and the Campbells on or before April 30, 2018; and it is further

**ORDERED**, that the 14-day stay of this Order under Fed. R. Bankr. P. 6004(h) is waived, for cause, and this Order is effective immediately upon its entry.

Dated: White Plains, New York
       April 25, 2018

                                      /s/Robert D. Drain
                                      HONORABLE ROBERT D. DRAIN
                                      UNITED STATES BANKRUPTCY JUDGE